UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BAILEY ROTH,

               Plaintiff(s),

v.

DEGUSSA CORPORATION, et al.,

               Defendant(s).

NO. C07-106MJP

ORDER ON DEFENDANTS' MOTION TO BIFURCATE

The above-entitled Court, having received and reviewed:

1. Defendants' Motion to Bifurcate (Dkt. No. 34)

2. Plaintiff's Response to Defendants' Motion to Bifurcate (Dkt. No. 38)

3. Defendants' Reply in Support of Motion for Bifurcation (Dkt. No. 40)

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS ORDERED that the motion is DENIED.

**Discussion**

Defendants BASF Corporation and Zygrove Corporation, joined by Degussa Corporation, have moved pursuant to FRCP 42(b) to bifurcate the liability and damages phases of the trial in this matter. They cite the distinct nature of the liability and damages evidence and the significant extent of Plaintiff's injuries. Defendants argue that bifurcation will not prejudice Plaintiff nor cause him additional expense because the witnesses for both phases are separate and distinct.

The Court can find nothing in the facts or circumstances of this lawsuit to compel this extraordinary procedure. Cases which do <u>not</u> feature separate and distinct witnesses for the liability and damage aspects of the case are the exception rather than the rule. If bifurcation would result in a

**ORD ON MTN
TO BIFURCATE - 1**

reduction in litigation costs by dividing the discovery into phases, Defendants' position might be more persuasive, but Defendants have not advanced that rationale.

The argument that Plaintiff's extensive injuries could possibly sway the jurors' sympathies "would support bifurcation in any negligence action brought by a sympathetic plaintiff." Brown v. Advantage Engineering, Inc., 732 F. Supp. 1163, 1171 (N.D. Ga. 1990). Since Plaintiff will be present at the trial on his claims, the jury is going to be aware of the nature of his injuries in any event, and bifurcation will not avert the possibility that Defendants raise in their motion.

The Court and the parties are capable of fashioning a verdict form which separates the liability and damage assessments. There is no reason to believe that the jury will not be able to follow the instructions and consider these two elements of the case separately.

Defendants have failed to establish any grounds for treating this lawsuit differently than the vast majority of other litigation before this Court. Their motion for bifurcation is DENIED.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: September __4__, 2007

Marsha J. Pechman
U.S. District Judge

ORD ON MTN
TO BIFURCATE - 2