1
2
3                          UNITED STATES DISTRICT COURT
4                        WESTERN DISTRICT OF WASHINGTON
                                    AT SEATTLE
5
6   BAILEY ROTH,                                    Case No. C07-106 MJP
7                          Plaintiff,
8        v.                                         ORDER REQUESTING
                                                    SUPPLEMENTAL BRIEFING
9   BASF CORPORATION, et al.,                       ON PLAINTIFF'S MOTION TO
                                                    AMEND
10                         Defendants.
11
12

13          This matter comes before the Court on Plaintiff's motion to amend his complaint.  (Dkt.

14   No. 170.)  After reviewing the motion, Defendants' response (Dkt. No. 187), Plaintiff's reply[1]

15   (Dkt. No. 193), and all papers submitted in support thereof, the Court finds the pleadings

16   insufficient to determine the merits of the motion and calls for additional briefing limited to ten

17   pages per side.  Plaintiff's briefing is due on Friday, May 16, 2008 and Defendants' briefing is due

18   on Wednesday May 21, 2008.  The briefing should address the issues discussed below.

19                                        **Discussion**

20          On February 1, 2008, Plaintiff brought a motion to "File Corrected Complaint."  (Dkt. No.

21   66.)  Although Plaintiff labeled its motion a "correction," the Court construed the motion as a

22   request to add a new party.  The Court denied that motion because it did not comply with the

23   Federal Rules of Civil Procedure for adding a new party.  (Dkt. No. 101.)  The Court anticipated

24

25          [1]Instead of submitting a reply brief, Plaintiff filed a declaration "regarding the BASF AG 2006 Annual Report
     Filed with the SEC."  (Dkt. No. 193.)  This submission does not substantively respond to the arguments raised by
26   Defendants in their response brief.  Without direction from counsel, the Court cannot be expected to extract relevant
     information from such exhibits and determine the effect on Plaintiff's argument.
27

ORDER REQUESTING SUPPLEMENTAL BRIEFING — 1

1    that Plaintiff would promptly bring a motion to amend in accord with Rules 15 and 16.

2         Plaintiff now brings a motion "to amend complaint to substitute BASF Construction

3    Chemicals, LLC for BASF Corporation." (Dkt. No. 170.) This motion effectively seeks to add

4    BASF Construction Chemicals, LLC as a defendant in this action and to dismiss Defendant BASF

5    Corporation. The Court understands that both parties now agree that BASF Construction

6    Chemicals, LLC and BASF Corporation are two distinct legal entities.

7         In evaluating the merits of this motion, the Court must apply Rules 15 and 16 of the

8    Federal Rules of Civil Procedure.[2] Because the parties failed to address the relevant analyses in

9    their pleadings, the Court calls for supplemental briefing on the three issues discussed below. The

10   parties are directed to include relevant citations to the record and should offer specific examples

11   to support their arguments.

12        1. Plaintiff Must Make a Rule 16(b) Showing of "Good Cause"

13        The Court's scheduling order, issued pursuant to Fed. R. Civ. P. 16, set a deadline for

14   joining additional parties of July 31, 2007. (Dkt. No. 23.) Before adding a new party, Plaintiff

15   must first show "good cause" for extending the July 31, 2007 deadline. Johnson v. Mammoth

16   Recreations, 975 F.2d 604, 608-09 (9th Cir. 1992) (a motion to amend complaint was construed

17   as a de facto motion to modify joinder deadline and could only be granted on showing of "good

18   cause").

19        The parties are directed to address whether Plaintiff can show good cause for amendment

20   under Rule 16(b). The "good cause" standard considers the diligence of the party seeking the

21   amendment. Johnson, 975 F.2d at 609. To succeed on his motion, Plaintiff must show that he

22   could not have reasonably met the Court's deadline for joinder of additional parties despite his

23   diligence in investigating and developing his case. Id. Specifically, Plaintiff must inform the

24   Court of the steps he took to identify the corporate structure of the existing and proposed

25   _____

26   [2]The pleadings submitted by both parties contain incorrect references to the Federal Rules of Civil Procedure. Counsel are reminded that the Rules have been updated for 2008 and that the most recent references should be used.

27

ORDER REQUESTING SUPPLEMENTAL BRIEFING — 2

1    defendants.  Plaintiff must also disclose when that investigation took place.

2           2.  Plaintiff Must Show That Amendment is Proper Under Rule 15(a)

3           If Plaintiff makes a showing of good cause under Rule 16(b), the Court must address

4    whether amendment is proper under Rule 15.  The Court has discretion to allow a party to amend

5    its pleadings.  In exercising its discretion, "a court must be guided by the underlying purpose of

6    Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities."  United

7    States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).  Accordingly, the policy of favoring

8    amendments should be applied with "extreme liberality."  Id.  This liberality "is not dependent on

9    whether the amendment will add causes of action or parties[.]"  DCD Programs, Ltd. v. Leighton,

10   833 F.2d 183, 186 (9th Cir. 1987).

11          The Ninth Circuit has emphasized Rule 15's liberal amendment policy.  Ascon Properties,

12   Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989).  Generally, the Court should grant

13   leave to amend a complaint unless amendment: (1) would cause prejudice to the opposing party;

14   (2) is sought in bad faith; (3) is futile; or (4) creates undue delay.  Leighton, 833 F.2d at 185-187.

15   These factors do not carry equal weight; "delay, by itself, is insufficient to justify denial of leave to

16   amend."  Id. at 185.   Because the parties failed to address these factors in their pleadings, the

17   Court cannot make a determination on whether amendment is proper under Rule 15(a) without

18   supplemental briefing.  Specifically, Defendants should address whether they will suffer prejudice

19   if the amendment is granted.

20          3.  Plaintiff Must Show That Adding the New Defendant is Proper Under Rule 15(c)

21
22          Finally, an amendment adding BASF Construction Chemicals, LLC as a defendant can

23   only be proper if the amendment relates back to the date of the original pleading pursuant to Fed.

24   R. Civ. P. 15(c).  An amendment that adds a new party will relate back to the original pleading

25   when:  (1) the claims alleged against the new party arise out of the same transaction or occurrence

26   giving rise to the original allegations; (2) the new party has received notice of the action within

27   the statue of limitations period such that its defense is not prejudiced; and (3) the new party knew

ORDER REQUESTING SUPPLEMENTAL BRIEFING — 3

or should have known that, but for a mistake concerning identity, the action would have been brought against it. <u>Martell v. Trilogy, Ltd.</u>, 872 F.2d 322, 323-324 (9th Cir. 1989); <u>see also</u> <u>Miles v. Department of Army</u>, 881 F.2d 777, 782-3 (9th Cir. 1989) (allowing substitution of proper government official defendant after the statutory period for commencing an action had expired because proper defendant was sufficiently notified of the original action within the statutory period); <u>Boeing Co. v. Aetna Casualty & Sur. Co.</u>, 1990 U.S. Dist. LEXIS 19927 (W.D. Wash. Apr. 16, 1990) (granting leave to substitute the name of the correct defendant, when both old and new defendants, the parent corporation and its subsidiary, were on notice of the action). Plaintiff must meet all three factors to show that BASF Construction Chemicals, LLC should be properly added as a defendant. The parties are directed to offer the Court specific facts addressing when BASF Construction Chemicals, LLC was on notice of the action.

## Conclusion

After finding the pleadings insufficient to determine the merits of Plaintiff's motion, the Court calls for additional briefing limited to ten pages per side. Plaintiff's briefing is due on Friday, May 16, 2008 and Defendants' briefing is due on Wednesday May 21, 2008.

The Clerk is directed to send a copy of this order to all counsel of record.

Dated: May 13, 2008.

Marsha J. Pechman
U.S. District Judge

ORDER REQUESTING SUPPLEMENTAL BRIEFING — 4