**Successor liability**

BASF Corporation

There are four long-standing exceptions to the traditional rule of corporate successor non-liability. The first exception is "the purchaser expressly or impliedly agrees to assume liability." Martin v. Abbott Laboratories, 102 Wn.2d 581, 609 (1984).

Plaintiff lays out in some detail and with much documentation the chain of events by which BASF is alleged to have expressly assumed liability; i.e., BASF, AG (a German corporation not joined as a party to this action) is the purchaser of Degussa Construction Chemicals (formerly ChemRex) which assumed responsibility for Z-Brick product liability claims by virtue of the ChemRex-Zygrove agreement <u>and</u> accepted a tender of defense and indemnity from Zygrove.

Defendant BASF Corporation does not dispute Plaintiff's chronology of the "chain of custody" of Z-Brick. Rather, it argues instead that:

A. *The VMC-Rexnord agreement expired on June 1, 1989*: This argument is ineffective in the face of ChemRex's agreement to assume liability for product claims pre-dating the Closing Date of their agreement with Zygrove.

B. *ChemRex did not "retain potential future liabilities" in their Zygrove agreement as Plaintiff claims*: The Court can only assume that BASF is taking semantic exception to Plaintiff's choice of the phrase "potential future liabilities." The ChemRex-Zygrove agreement clearly states that product liability claims concerning Z-Brick sold prior to the Closing Date of their agreement are "excluded liabilities" for which ChemRex is retaining responsibility. Pltf. Mtn., Decl. of Perey, Ex. 10, Art. II, ¶ 2.7(h). If Plaintiff succeeds in proving some form of liability arising out of the use of Z-Brick product in Larsen home (indisputably sold before February 1, 1999), it is at least arguable that such liability would be covered under the aforementioned agreement.

**ORD ON MTNS FOR S/J**
**RE: SUCC LIABILITY - 5**

C. *BASF Corporation is <u>not</u> the party who has assumed the liability created by the ChemRex-Zygrove agreement*: BASF, AG, the signatory to the Degussa purchase, is a German corporation not named in the present complaint. Defendant BASF Corporation argues, and Plaintiff does not controvert, that it is a distinct corporate entity from the un-joined German corporation which Plaintiff identifies as the parent corporation for BASF Construction Chemical, LLC (the entity created out of the purchase of Degussa Construction Chemical, formerly ChemRex). This argument may ultimately prove fatal to Plaintiff's case against BASF Corporation, but it will be decided in a separate motion now pending before this Court (Plaintiff's Motion to Substitute BASF Construction Chemical, LLC; Dkt. No. 170). Until that time, the Court chooses to treat this as a disputed issue of material fact and on that basis deny summary judgment to both sides on the question of successor liability for Defendant BASF Corporation.

Zygrove Corporation

A fifth exception to the general principle of corporate successor non-liability in Washington was created by the <u>Martin</u> court, *supra* (which based its ruling on a seminal California case, <u>Ray v. Alad Corp.</u>, 19 Cal.3d 22 (1977)). The doctrine, known as the "product line" exception, rests on three elements:

1. The transferee purchased "substantially all the transferor's assets, leaving no more than a mere corporate shell;"
2. The transferee is holding itself out to the public as a "continuation of the transferor by producing the same product line under a similar name;"
3. The transferee is "benefiting from the goodwill of the transferor."

102 Wn.2d at 614.

**ORD ON MTNS FOR S/J**
**RE: SUCC LIABILITY - 6**