UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BAILEY ROTH,

        Plaintiff(s),

  v.

BASF CORPORATION, et al.,

        Defendant(s).

NO. C07-106MJP

ORDER ON MOTION TO DISMISS AFFIRMATIVE DEFENSES

The above-entitled Court, having received and reviewed:

1. Motion for Partial Summary Judgment to Dismiss Affirmative Defenses of Defendants BASF Corporation and Zygrove (Dkt. No. 109)

2. Defendants' Response (Dkt. No. 140)

3. Plaintiff's Reply (Dkt. No. 149)

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS ORDERED that the portions of the motion concerning the defenses of lack of personal jurisdiction (based on insufficiency of service of process) and assumption of the risk are GRANTED.

IT IS FURTHER ORDERED that the remainder of the motion is DENIED.

**Background**

The factual background of this case has been discussed at length in previous orders (see Dkt. Nos. 208, 209) and will not be repeated here.

**Discussion**

This order will first discuss those portions of Defendant's affirmative defenses which will be stricken, followed by a brief analysis of the grounds for denial of the remainder of the motion.

**ORD ON MTN TO STRIKE AFF DEFS - 1**

1. Personal Jurisdiction

Plaintiff moves to strike Defendant's defense of lack of personal jurisdiction on grounds of insufficiency of service (Answer, ¶ 8.1)[1]  Plaintiff attaches to his motion a copy of the Service of Summons on Defendant BASF Corporation.  Weinmaster Decl., Ex. J.  Defendant made no response in support of this defense.  Plaintiff's motion to strike the defense of lack of personal jurisdiction based on insufficiency of service will be granted.

2. Assumption of the risk

Plaintiff moves to strike Defendant's defense of assumption of the risk (¶ 8.2).  Defendant's case citation in support of the proposition that the assumption of the risk defense is applicable in product liability cases is not current (Runnings v. Ford Motor Co., 461 F.2d 1145 (9th Cir. 1972)).  The more modern view is expressed in Scott v. Pacific West Mountain Resort, 119 Wn.2d 484, 496-97 (1992): "[T]he last two types of assumption of risk (which involve the plaintiff's voluntary choice to encounter a risk created by the defendant's negligence) retain no independent significance from contributory negligence after the adoption of comparative negligence."  This view is reflected in the recommendation of the Washington Pattern Jury Instruction Committee that no instruction be given on "Assumption of Risk – Implied Unreasonable" or "Assumption of Risk – Implied Reasonable."  Washington Practice, Washington Pattern Jury Instructions - Civil, Vol. 6, WPI 13.01 and 13.02.  Plaintiff's motion to strike the defense of assumption of the risk will be granted.

3. Challenges based upon strict liability

Plaintiff premises his request to strike several of the affirmative defenses on his position that the applicable law in his case is the strict liability of pre-Washington Product Liability Act (WPLA) common law.  This argument has already been considered and rejected in an earlier order.  See Order

---

[1] Defendant Zygrove has previously been found not to be in the chain of successor liability for the damages at issue here. Order, Dkt. No. 209. All citations regarding the defenses are to Defendant BASF's Answer (Weinmaster Decl., Ex. H) unless otherwise noted.

**ORD ON MTN TO STRIKE AFF DEFS - 2**

on Summary Judgment Motions: Successor Liability, Dkt. No. 209, p. 3-4. The request to strike the following defenses will be denied on that ground:

1. Comparative fault (¶ 8.4)
2. Plaintiff's intoxication (¶ 8.10)
3. Plaintiff's felony violation of the Uniform Controlled Substances Act (¶ 8.11)
4. Plaintiff's violation of the Kirkland Municipal Code (¶ 8.13)
5. Failure to mitigate (¶ 8.9)
6. Unforeseen, independent, intervening or superseding causes[2] (¶ 8.8)

### 4. Conformity defenses

Defendant's answer interposes related defenses concerning Z-Brick's conformity with industry standards (¶ 8.7), with scientific knowledge (¶ 8.16) and with applicable laws and regulations (¶ 8.17). While conceding that Washington statutes (RCW 7.72.050) permit introduction of such proof, Plaintiff argues for its exclusion on the grounds that it is "merely evidence." This is a puzzling argument for the Court to understand. If Defendant is permitted to introduce proof of these various "conformities" as evidence, it will be evidence that supports its defense.

New arguments should not be reserved for a reply brief, as it gives the opposition no opportunity to respond. Plaintiff, however, introduces two new arguments in his reply in support of this motion: first, that the defenses are inadmissible in a strict liability case, a position already deemed unpersuasive. Plaintiff argues further that Defendant has presented no evidence that Z-Brick conformed in any of these areas in the manner which Defendant alleges. Plaintiff's initial objections to the "conformity" defenses were purely legal – he did not object to the alleged lack of evidence

---

[2] Plaintiff does make one other argument concerning this defense. In his opening brief, Plaintiff states (without citation to any portion of the record, discovery or case law) that Defendants "cannot show any proof of any intervening or superseding act." In the face of considerable evidence presented over many defense motions of disconnected smoke detectors, improperly installed stoves, and improperly constructed walls, the Court finds it difficult to credit this conclusory assertion.

**ORD ON MTN TO STRIKE AFF DEFS - 3**

supporting them until after Defendant's response. The Court will not require Defendant to defend its claims from an evidentiary standpoint if there has been no challenge to them on that basis.

### 5.  FRE 403

Plaintiff makes a second evidentiary argument in favor of striking Defendant's affirmative defenses; namely, that evidence such as the absence of smoke detectors, Plaintiff's alleged intoxication, the improper positioning of the stove, and construction of the wall, etc. is inadmissible under Federal Rule of Evidence 403.  That is to say, this evidence is more prejudicial than probative. This evidentiary issue is more properly advanced if and when evidence is actually introduced, not as part of a motion for summary judgment.

### 6. Proper and improper reply briefing

The Court cannot conclude this ruling without commenting upon and admonishing Plaintiff's counsel for raising issues for the first time in their reply briefing.  In addition to the numerous instances already cited in this order, the Court takes note that four of Defendant's affirmative defenses – one of which Plaintiff does not even address in his opening brief (lack of privity and thus no breach of warranty claim; ¶ 8.15) and three of which he identifies initially as "not an issue on this motion" ("no generally accepted or recognized knowledge of unsafe. . . nature of faux brick," ¶ 8.19; non-party fault, ¶ 8.3; and apportionment of fault, ¶ 8.6) – suddenly appear in his reply brief for the first time. Concerning the "no generally accepted knowledge" defense, Plaintiff even states "Roth believed that this defense was not an issue; however, because pre-WPLA common law applies, Roth now contends that this affirmative defense should also be dismissed..." Reply, p. 3.

It is not acceptable legal practice to present new evidence or new argument in a reply brief, to say nothing of introducing issues in reply briefing which were declared "not part of this motion" in the moving papers.

**ORD ON MTN TO
STRIKE AFF DEFS - 4**

**Conclusion**

Two of Defendants' affirmative defenses – lack of personal jurisdiction and assumption of the risk – will be stricken upon Plaintiff's motion. The remainder of the motion is denied.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: May _21__, 2008

Marsha J. Pechman
U.S. District Judge

**ORD ON MTN TO STRIKE AFF DEFS - 5**