UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROTH,

        Plaintiff(s),

v.

BASF CORPORATION

        Defendant(s).

NO. C0-MJP

ORDER ON MOTIONS:
1. TO AMEND COMPLAINT
2. TO AMEND CASE SCHEDULE
3. FOR SUMMARY JUDGMENT (by Third Party Defendants)

The above-entitled Court, having received and reviewed:

1. Motion to Modify Amended Case Schedule (Dkt. No. 245)

2. Response to Motion to Modify Amended Case Schedule (Dkt. No. 249)

3. Reply in Support of Motion to Modify Amended Case Schedule (Dkt. No. 252)

4. Motion to Amend Complaint to Add Third Party Defendants to First Party Case (Dkt. No. 270)

5. Response of Third Party Defendants to Motion to Amend Complaint (Dkt. No. 272)

6. Response by Defendant BASF Corporation to Motion to Amend Complaint (Dkt. No. 274)

7. Reply in Support of Motion to Amend Complaint (Dkt. No. 275)

8. Motion for Summary Judgment by Third Party The Fairchild Corporation (Dkt. No. 145)

9. Response by Third Party Plaintiffs BASF Corp. and Zygrove Corp. (Dkt. No. 163)

10. Reply by Third Party Defendant The Fairchild Corporation (Dkt. No. 174)

and all exhibits and declarations attached thereto, makes the following ruling:

**ORD ON MTNS TO AMEND COMPLAINT & CASE SCHED - 1**

1    IT IS ORDERED that the motion to amend the complaint to add Third Party Defendants The
2 Fairchild Corporation and RHI Holdings, Inc. is GRANTED.  To the extent Plaintiff intended to
3 request the addition of Rexnord LLC as a first party defendant, that motion is DENIED.

4    IT IS FURTHER ORDERED that the motion to amend the case schedule is GRANTED.  The
5 case schedule will be modified as described later in this order.  The Court also modifies its Order of
6 May 23, 2008 to reopen the discovery process to permit the parties the full range of discovery
7 permitted by the Federal Rules of Civil Procedure.

8    IT IS FURTHER ORDERED that the summary judgment motion filed by The Fairchild
9 Corporation as a Third Party Defendant is STRICKEN as moot.

**Background**

This case has a complex factual and procedural history.  A brief review of both will serve to set the stage for the Court's ruling on the above-mentioned motions.

History of Z-Brick

In 1955, the product known as Z-Brick, a "faux brick" wall covering, was created by the Vermiculite Manufacturing Company (VMC).  In November of 1987, the assets of VMC were purchased by Rexnord Investments Company.  Rexnord Investments transferred the Z-Brick product line to ChemRex, Inc. in August of 1988, at which time ChemRex, Inc. agreed to assume all product liability for Z-Brick products.  Later that year, Rexnord Holdings sold ChemRex to SKW Alloys, Inc. (SKW).  According to the briefing supplied by The Fairchild Corporation (Fairchild) and RHI Holdings, Inc. (RHI), the indemnification provision of the Share Purchase Agreement with SKW does not indemnify SKW for liability relating to the Z-Brick product line.  Response to Motion to Amend, p. 3.

On January 29, 1999, Zygrove Corporation (Zygrove) acquired the right to manufacture and distribute Z-Brick, while ChemRex agreed to retain "potential future liabilities" arising out of claims

originating after the date of the rights sale to Zygrove (February 1, 1999). ChemRex was later purchased by BASF Construction Chemical; Rexnord Investments and Rexnord, Inc. have been acquired by Fairchild and RHI.

Procedural History

In 2005, Plaintiff was severely injured in a house fire allegedly was caused by the transmission of heat from a wood-burning stove through a wall covering (allegedly Z-Brick) to the interior of a wall which then combusted.

In February 2006, Plaintiff filed a complaint in King County Superior Court against Larsen, the owner of the home. In March 2006, he filed a First Amended Complaint, adding Pacific West Management as a defendant. Four months later, he filed a Second Amended Complaint which added BASF Corporation (BASF), Zygrove and the DeGussa Corporation as defendants. In January of 2007, this case was removed to federal court.

In September 2007, BASF and Zygrove's motion to file a third party complaint against Fairchild and RHI, alleging contribution and indemnity claims, was granted. In April 2008, Plaintiff requested leave to file a third amended complaint, substituting BASF Construction Chemicals (BASF CC) for BASF. While that motion was pending, Plaintiff sued BASF CC in King County Superior Court. On May 23, 2008, the trial date of June 2 was stricken, the parties were ordered to submit a new case schedule and Plaintiff was given leave to amend his complaint "for good cause shown." Dkt. No. 228.[1] One week later, Plaintiff and then-Defendants BASF and Zygrove filed a proposed amended case schedule; neither Fairchild nor RHI were consulted in the preparation of this document.

---

[1] It should be noted that the only "cause" Plaintiff had demonstrated in his motion to amend a third time was the necessity of adding BASF CC as a substituted party defendant for BASF Corporation.

**ORD ON MTNS TO AMEND**
**COMPLAINT & CASE SCHED - 3**

1      On June 3, 2008, BASF CC removed the state case to federal court (C08-879MJP). On June

2 9, 2008, Plaintiff filed a Third Amended Complaint which added not only BASF CC, but (despite

3 having shown no cause nor requested permission of the Court) also Fairchild and RHI. On June 17,

4 2008, an amended case schedule (with a new trial date of January 5, 2009) was issued. On August 4,

5 2008, Rexnord LLC was dismissed from the action by stipulation of the parties. Dkt. No. 265. On

6 August 5, the Court ordered the Third Amended Complaint stricken "on the grounds that Plaintiff

7 exceeded the authority granted by the Court in its Minute Order of May 23, 2008. . . There was never

8 'good cause shown' for an amendment" adding RHI and Fairchild. Plaintiff was directed to file the

9 instant motion to amend in compliance with the applicable Federal Rules. Dkt. No. 268.

10 **Discussion**

11 Motion to File Fourth Amended Complaint

12      The parties cite conflicting authority within the Ninth Circuit concerning leave to amend once

13 the non-discretionary time period has lapsed. Plaintiff cites a 1990 ruling which holds that "[d]enial

14 is proper only when amendment would be clearly frivolous, unduly prejudicial, cause undue delay or

15 a finding of bad faith is made." United Union of Roofer, Waterproofers, and Allied Trades No. 40 v.

16 Insurance Corp. of North America, 919 F.2d 1398, 1402 (9th Cir. 1990). The Court finds this request

17 for amendment is neither frivolous, unduly prejudicial nor made in bad faith. Although granting the

18 request to add Fairchild and RHI as first party defendants will cause further delay in this case (see

19 portion of order granting Defendants' request to amend case schedule *infra*), the Court does not find

20 the amount of delay to be "undue."

21      Defendants cite case law which permits denial upon a showing that Plaintiff has not been

22 "diligent" in pursuing his claims against the parties he seeks to add. Johnson v. Mammoth

23 Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Plaintiff has not demonstrated diligence in

24 ascertaining whether these defendants should be primary parties in this lawsuit. He has known since

25

26 **ORD ON MTNS TO AMEND
COMPLAINT & CASE SCHED - 4**

at least September of last year that BASF believed these entities belonged in this litigation. This should have put him on notice to investigate the possibility, and he provides no evidence or indication that he did so. His excuse is that he was unaware of his claims against Fairchild or RHI until the Liquidating Distribution Agreement (where ChemRex agreed to retain "future potential liabilities") was produced during discovery in March of 2008. The Court does not find this position convincing (BASF had named both parties as successors in liability in September 2007), but even accepting that contention, Plaintiff still waited over four months after that discovery to name them.

Defendants do not argue that there is any bad faith involved in Plaintiff's request. Fairchild and RHI do argue that they would be prejudiced by having their status converted to first party defendants, since many of the trial preparation milestones (discovery, exchange of expert reports, etc.) have passed. The Court does not find this "unduly" prejudicial, since it will be cured by extending the trial date (as these defendants have requested) and permitting them to conduct discovery and otherwise prepare to defend the case on the merits.

Given that the authority in the Ninth Circuit is divided on the factors to be applied in this situation, the Court looks at the factors cited by both sides. Although Plaintiff has not demonstrated diligence in identifying and suing Fairchild and RHI, his lack of diligence has not risen to a level requiring that he be denied a potential avenue for recovery. Reviewing the request based on Plaintiff's standard, the Court finds that (1) although there would be some delay in adding these defendants, it would not be "undue" delay, and (2) although there is some prejudice to them in being added this late in the case, that prejudice can be cured by extending the trial schedule and reopening discovery, as the Court intends to do.

In addition to the factors listed above, the Court should also consider whether the amendment would be "futile." <u>Sisseton-Wahpeton Sioux Tribe v. United States</u>, 90 F.3d 351, 355-56 (9th Cir. 1996). Defendants argue that it is, on the grounds that "the proposed claims would be subject to

dismissal on summary judgment." Response to Motion to Amend, p. 8. While recognizing that futility can be an valid grounds for denial of motions such as these, the Court will not consider that factor in this motion precisely because the proposed claims <u>might</u> be subject to dismissal on summary judgment. Defendants' very argument implies a level of factual inquiry and extrinsic evidence that is simply not appropriate at this juncture of the parties' litigation and in this type of motion. Fairchild and RHI are free to raise the issues touched upon in their briefing in a fully-developed summary judgment motion should they choose.

Defendants point out that there is at least some indication that Plaintiff is attempting to add Rexnord LLC to the Fourth Amended Complaint as a first party defendant. Although this entity is not listed in the motion pleadings, it is included in the caption of the new complaint. As pointed out in the "Background" section, this party was previously dismissed by stipulation and the Court will assume that it is only by oversight that they were included in the case caption.

On an administrative note concerning the procedural posture of this matter, the Court confesses to some confusion about the fact that neither party has moved to consolidate the separate matter pending against BASF CC (C08-879MJP). Again, the interests of justice and the orderly administration of this litigation would seem to dictate the joinder of these two identical lawsuits into one. The Court invites the parties to confer and consider a stipulation to bring these two matters together, and reserves the right to do so *sua sponte* if the parties do not.

Finally, the Court notes in passing that former defendant BASF filed a "letter brief" (Dkt. No. 274) suggesting that, since RHI and Fairchild were only in the case as third party defendants to the third-party complaint of BASF – who has now been dismissed from the litigation – neither entity has standing to object to Plaintiff's request to amend his complaint. Insofar as BASF had been dismissed from this lawsuit prior to the motion before the Court, it is in fact BASF who has no standing to raise

**ORD ON MTNS TO AMEND
COMPLAINT & CASE SCHED - 6**

an argument on any issue pending in this case. Nor, in any event, did either Plaintiff or RHI/Fairchild raise this argument.

RHI/Fairchild Motion to Amend Case Schedule

This motion (Dkt. No. 245) was brought by Fairchild and RHI following the filing of the Third Amended Complaint in this matter. Although it was addressed to the circumstances as they existed as that time, it is more germane than ever to the fair and orderly process of this litigation, and Fairchild and RHI requested in their responsive pleading that the Court issue a new case schedule should it be inclined to grant Plaintiff's motion. Therefore, the Court treats the motion as having been renewed.

RHI and Fairchild argue that good cause exists under FRCP 16(b)(4) for modification of the scheduling order. The Court finds the argument well-taken. Prior to their addition as first party defendants, these corporate defendants were only responding to claims for indemnity and contribution. Plaintiff's Amended Complaint naming them as first party defendants completely changes the legal landscape. Now RHI and Fairchild will have to respond to the product liability claims which underlie Plaintiff's case-in-chief, which requires an entirely different (and more complex) level of legal analysis and investigation. The amended case schedule proposed by Plaintiff and BASF (prepared without Fairchild's or RHI's input) reflects the fact that the original parties had already had 18 months of discovery and trial preparation and does not take into account the need of the new defendants to essentially start from scratch in their trial preparation.

Plaintiff's argument that these parties have known of the case since January 2008 is unconvincing. These defendants had no reason to know that they would be required to respond to Plaintiff's underlying legal claims and theories, and Plaintiff cites no evidence to suggest that they should have known.

**ORD ON MTNS TO AMEND COMPLAINT & CASE SCHED - 7**

Plaintiff's argument that the case has already been delayed by seven months rings hollow as well (especially considering that the delays were occasioned by Plaintiff). Plaintiff has been on notice since September 2007 (when BASF sought leave to file their third party complaint) that RHI and Fairchild were allegedly successors-in-interest to the Z-Brick manufacturing line. Despite that notice, Plaintiff waited until June 2008 to name these entities as defendants.

Plaintiff also requests that ruling on this motion be delayed until a ruling issues on his "successor liability" summary judgment motion against BASF CC. The Court can conceive of no reason to do that. A ruling will not issue on that motion for several weeks, and the moving parties here need to proceed forward with discovery without further delay.

Therefore, the Court adopts the Amended Case Schedule proposed by RHI and Fairchild in their motion. The case schedule is ordered amended as follows:

| | |
|---|---|
| Deadline for joining additional parties | January 5, 2009 |
| Deadline for filing amended pleadings | January 21, 2009 |
| Reports from expert witnesses under FRCP 26(a)(2) due | February 2, 2009 |
| All motions related to discovery must be filed and noted on the motion calendar no later than the third Friday thereafter (see CR7(d)) | February 20, 2009 |
| Discovery completed by | March 6, 2009 |
| All dispositive motions must be filed by and noted on the motion calendar no later than the fourth Friday thereafter (see CR 7(d)) | March 13, 2009 |
| Settlement conference per CR 39.1(c)(2) held no later than | May 5, 2009 |
| Mediation per CR 39.1(c)(3) held no later than | June 5, 2009 |
| All motions in limine must be filed by and noted on the motion calendar no later than the second Friday thereafter | June 5, 2009 |

| | |
|---|---|
| Agreed pretrial order due | June 12, 2009 |
| Pretrial conference | June 19, 2009 |
| Trial briefs, proposed voir dire questions, proposed jury instructions, and trial exhibits due | June 26, 2009 |
| Trial date | July 6, 2009, 9 a.m. |

The Court also orders that the parties will be permitted discovery on the full range of issues in this litigation and will be permitted the full number of discovery requests allowed by the federal rules. To the extent that this represents a modification of the Court's previously entered Order of May 23, 2008 (Dkt. No. 228), it is so ordered.

Third Party Defendants' Motion for Summary Judgment

During the phase of this litigation when Fairchild and RHI were third party defendants brought into this suit by BASF, the entities filed a summary judgment motion seeking dismissal of the claims of indemnification and contribution which Third Party Plaintiff BASF sought to enforce against them. Despite the fact that (1) BASF is no longer a party to this lawsuit, (2) RHI and Fairchild are no longer third party defendants and (3) there are no claims for indemnification and contribution pending against them, RHI and Fairchild have expressed a desire for the Court to rule on their summary judgment motion.

The Court declines to grant that request. It is neither logical nor an appropriate use of judicial resources to rule on motions whose issues are no longer germane to the litigation. The Court orders the Third Party Defendants' Motion for Summary Judgment STRICKEN as moot.

**Conclusion**

Plaintiff will be permitted to add Fairchild and RHI as first party defendants to this lawsuit. The request of these defendant-entities to amend the case schedule to permit them time to prepare

**ORD ON MTNS TO AMEND
COMPLAINT & CASE SCHED - 9**

their defense on the full spectrum of claims now pending against them will be granted. Their motion for summary judgment against now-dismissed defendant BASF is ordered stricken as moot.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: September 4, 2008

/s/ Marsha J. Pechman
Marsha J. Pechman
U.S. District Judge

**ORD ON MTNS TO AMEND**
**COMPLAINT & CASE SCHED - 10**