As Plaintiff's burden under "product line" successor liability is to present proof of all three factors (Hall, 103 Wn.2d at 262; Martin, 102 Wn.2d at 614), his failure regarding two of them is sufficient grounds to deny this portion of his summary judgment motion.[1]

**Conclusion**

In the absence of any persuasive argument on the impact of the language of the ChemRex-Rexnord transactional documents, the Court cannot find as a matter of law that BASF CC, as purchaser of ChemRex, has expressly assumed liability for any injury arising out of the use of a Z-Brick product. Nor has Plaintiff carried his burden of establishing the three elements required for proof of assumed liability under a "product line" theory. His motion for partial summary judgment against BASF CC on the issue of successor liability is therefore DENIED.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: November 4, 2008

Marsha J. Pechman
U.S. District Judge

---

[1] The Court notes in passing that BASF CC also attacks Plaintiff's motion on the grounds that there is no proof that the product at issue actually is Z-Brick. The Court has previously assumed, for the purposes of earlier summary judgment motions, that the product is Z-Brick, pending proof of that fact by way of summary judgment, request for admission or at trial. Any ruling in Plaintiff's favor against a Z-Brick manufacturer (past or present) would be subject to proof that the material in question is in fact Z-Brick. The fact that such proof has yet to be produced does not constitute grounds for denying Plaintiff's motion, however.

**ORDER ON MTN FOR PARTIAL SUMM JMT - 6**